# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW B. MOONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. K20C-04-025 WLW |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: June 8, 2020
Date Decided: June 30, 2020

## ORDER DENYING REASSIGNMENT TO THE COMPLEX COMMERCIAL LITIGATION DIVISION

Upon consideration of Defendant The Boeing Company's Motion to Reassign this case to the Complex Commercial Litigation Division ("CCLD")[1] and Plaintiff's Responses[2] thereto, the Court finds:

1. This Motion arises from Plaintiff Matthew Mooney's civil suit against The Boeing Company ("Boeing") alleging claims of fraudulent misrepresentation, fraudulent concealment, and fraud by omission.[3]

---

[1] Motion to Reassign to Complex Commercial Litigation ("Mot. Reassign CCLD") (Trans. ID. 65669429); Defendant's Reply (Trans. ID. 65679195).

[2] Plaintiff's Response ("Pl. Resp.") (Trans. ID. 65673095); Plaintiff's Supplemental Response (Trans. ID. 65682265).

[3] Compl. ¶¶ 343, 357, 367 (Trans. ID. 65595241).

2. Mooney, as an investor of Boeing, alleges that Boeing misrepresented the qualities, characteristics, costs, value, and safety of its 737 MAX airplane to the Federal Aviation Association, its customers, and its investors.[4]

3. In its Motion, Boeing asks the Court to reassign this matter to the CCLD, asserting it qualifies for reassignment because the amount in controversy exceeds $1 million and the claims at issue do not fall under any of the excluded criteria.[5]

4. Mooney objects to reassignment, arguing that although the amount in controversy is substantial, the nature of the dispute – "a simple tort action predicated upon the defendant's alleged misrepresentations, concealment, and omissions" – is not sufficiently complex to warrant reassignment to the CCLD.[6] In addition, Mooney argues that reassignment of the case, which would result in a change of venue from Kent County to New Castle County, would impose undue hardship and expense on him.[7] Mooney, who is self-represented and resides in Glen Allen, Virginia, claims that he specifically chose the Superior Court in Kent County as the venue for this action because Kent County is closer to his residence.[8]

---

[4] *See id.* ¶¶ 24–25.
[5] Mot. Reassign CCLD at 1–2.
[6] Pl. Resp. at 1.
[7] *Id.* at 1–2. On this point, the Court notes that reassignment to the CCLD does not automatically mean a change in venue to New Castle County.
[8] *Id.*

2

5. The Court finds that although the case exceeds the amount in controversy requirement for the CCLD, the claims do not require the CCLD's resources and attention for adjudication on the merits.[9]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant The Boeing Company's Motion is **DENIED.**

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Cc: Prothonotary

---

[9] *See McLeod v. The Doctors Co.*, 2020 WL 1849716, at *1 (Del. Super. Ct. Apr. 13, 2020).